No. 82–5950. SPENCER *v.* ISRAEL, WARDEN. C. A. 7th Cir. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

A defendant's right to due process is violated when the trial judge, in charging the jury on the issue of criminal intent, "require[s] the jury, if satisfied as to [specified] facts . . . , to find intent *unless* the defendant offer[s] evidence to the contrary." *Sandstrom* v. *Montana,* 442 U. S. 510, 515 (1979). Such a presumption is inconsistent with the constitutional requirement that the State prove every element of a criminal offense beyond a reasonable doubt. *In re Winship,* 397 U. S. 358 (1970).

At petitioner's trial on the charge of first-degree murder, the trial judge twice instructed the jury as follows:

"When there are no circumstances to prevent or rebut the presumption, the law presumes that a reasonable person intends all of the natural, probable and usual consequences of his deliberate acts. If one person assaults another violently with a dangerous weapon likely to kill, and the person thus assaulted dies therefrom, then when there are no circumstances to prevent or rebut the presumption, the legal and natural presumption is that death was intended."

For reasons fully elaborated by three federal judges who have considered the constitutionality of an identical instruction, the instruction in this case was impermissible because it described a mandatory presumption of intent. See *Pigee* v. *Israel*, 670 F. 2d 690, 697–699 (CA7) (Baker, J., dissenting), cert. denied, 459 U. S. 846 (1982); *Austin* v. *Israel*, 516 F. Supp. 461 (ED Wis. 1981); *Harris* v. *Israel*, 515 F. Supp. 568 (ED Wis. 1981). The decision below, which denied petitioner's request for the issuance of a certificate of probable cause to appeal, therefore cannot be squared with *Sandstrom*. I would grant certiorari to correct the lower court's clear departure from this Court's precedents.